IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LONNIE JACKSON,

                    Plaintiff,

     v.

DR. KEVIN KALLAS, RYAN HOLZMACHER,
JAMES GREERE, MARY MUSE, CATHY JESS,
DR. GARY ANKARLO, HUGH JOHNSTON and
JOHN & JANE DOES,

                    Defendants.

OPINION and ORDER

17-cv-350-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action brought under 42 U.S.C. § 1983, plaintiff Lonnie Jackson, who is an African-American transgender inmate at the Kettle Moraine Correctional Institution, alleges that members of the Wisconsin Department of Corrections gender dysphoria committee violated her constitutional rights by refusing to provide her an orchiectomy and sex reassignment surgery, not allowing her female makeup and hair removal products, allowing transgender inmates to a shower only once a day, at 10:00 p.m., denying her requests to be placed in a single cell or with other transgender inmates and refusing to provide her free custom orthotics and over-the-counter back pain medications. Because plaintiff is proceeding in forma pauperis, I must screen her complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). I conclude that plaintiff's allegations are so vague that it

1

is necessary to dismiss the complaint under Fed. R. Civ. P. 8 and give her another chance to file an amended complaint clarifying her claims.

OPINION

Fed. R. Civ. P. 8(a)(2), requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In her complaint, plaintiff alleges that she has been denied surgical treatment for her gender dysphoria, makeup, certain housing and showering opportunities, orthotics and over-the-counter medications. She seems to believe that at least some of these denials are based on Department of Adult Institutions Policy #500.70.27, regarding the management and treatment of gender dysphoria, and has attached a copy of that policy to her complaint. Policy #500.70.27 provides in relevant part that the Bureau of Health Services Director, the medical director, the mental health director, the psychology director, the psychiatry director, the nursing director and a warden or deputy warden serve on the gender dysphoria committee and that the committee "make[s] recommendations as needed regarding diagnosis, treatment, management issues, allowed property and accommodations." Dkt. #1, exh. #9 at 1 and 3. Although plaintiff names as defendants various individuals who appear to be members of the gender dysphoria committee, she fails to identify their role on the committee or their individual involvement in denying plaintiff the treatment and services to which she alleges that she is entitled, and it is unclear from the institutional policy and plaintiff's complaint who makes the final decisions regarding treatment and accommodations for inmates with gender dysphoria. "[I]ndividual

2

liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" Minix v. Canarecci, 597 F.3d 824, 833-34 (7th Cir. 2010).

Plaintiff's allegations are too vague at this point to give defendants or the court an understanding of her claims. Although plaintiff attached 16 documents to her complaint, such documents cannot constitute the statement required by Rule 8(a). United States ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) (it is not court's responsibility to comb through plaintiff's exhibits to fashion claims on plaintiff's behalf). Accordingly, I will direct plaintiff to file an amended complaint that more clearly explains her *specific* claims against each of the named defendants and adds other parties as defendants if plaintiff seeks to sue them. If plaintiff decides to file an amended complaint, she should write it as if she were telling a story to people who know nothing about her situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims: what happened specifically, to make her believe that she has a legal claim, when did it happen, where did it happen, who did it and why did he or she do it?
- What did each defendant do specifically that makes him or her liable for violating plaintiff's rights?

In addition, plaintiff should include all of the information relevant to her claims in short and plain statements in separate, numbered paragraphs in her complaint and not merely attach documents that may contain relevant information. Plaintiff will have until September 29, 2017 to submit her amended complaint.

If plaintiff chooses to draft an amended complaint, she should keep in mind that Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff: (1) asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). Plaintiff's complaint appears to allege at least five claims, including allegations related to medical care for three different medical conditions (gender dysphoria, foot problems and back pain), personal hygiene products, showering privileges and housing placement. Although it appears from the documents attached to plaintiff's complaint that the gender dysphoria committee may have made decisions or recommendations relevant to some of these issues, it seems unlikely that they made institution-specific decisions concerning plaintiff's showering or cell assignment or had any involvement in the treatment of plaintiff's foot or back problems. If this is the case, plaintiff will have to dismiss any unrelated claims or bring them against the appropriate defendants in separate lawsuits. Plaintiff should be aware that she will be required to pay a separate filing fee for any additional lawsuit that she wishes to file.

ORDER

IT IS ORDERED that plaintiff Lonnie Jackson's complaint in this action, dkt. #1, is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until September 29, 2017 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case for plaintiff's failure to state a claim upon which relief may be granted.

Entered this 29th day of August, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge