IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LONNIE JACKSON,

                         Plaintiff,

     v.

DR. KEVIN KALLAS, RYAN HOLZMACHER,
JAMES GREERE, MARY MUSE, CATHY JESS,
DR. GARY ANKARLO, HUGH JOHNSTON and
JOHN & JANE DOES,

                         Defendants.

OPINION and ORDER

17-cv-350-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 29, 2017, I dismissed the complaint filed by plaintiff Lonnie Jackson, a pro se prisoner, without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Before the court are plaintiff's motion for assistance in recruiting counsel, dkt. #5, and motion to use release account funds to pay for "legal expenses," copies and postage in this case, dkt. #12. I am denying both motions for the reasons stated below.

OPINION

A. Motion for Assistance in Recruiting Counsel

There is no right to counsel in civil cases, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), so a party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, she

1

must show that she is unable to afford counsel. Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, she has met that requirement. Second, she must show that she made reasonable efforts on her own to find a lawyer to represent her. Plaintiff has submitted rejection letters that she received from three different lawyers, in accordance with this court's requirement. Dkt. #5, exh. # 1. Accordingly, the only question is whether plaintiff is capable of continuing to represent herself in this case. After reviewing plaintiff's initial complaint and motions in this case, I conclude that she is capable of representing herself at this early stage in the lawsuit.

Although I dismissed plaintiff's complaint because it did not contain enough information about the particular conduct allegedly committed by each of the defendants, her filings have been well-written, easy to understand and directed at the relevant issues in the case. Plaintiff appears capable of amending her complaint to provide the missing information. Court assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that hers is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds her ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). The question is not simply whether a lawyer might do a better job.

The merits of plaintiff's alleged claims may involve complicated legal and factual questions, but there is a simpler threshold issue. In particular, because plaintiff is a prisoner, she is required to exhaust her administrative remedies before filing a lawsuit about her treatment in prison. 42 U.S.C. § 1997e(a). Although plaintiff does not have to show in her

complaint that she complied with § 1997e(a), defendants may move to dismiss her claims at a later date if she failed to use the prison grievance process before filing this case. For this reason, it is this court's general policy to defer decisions about counsel until after any issues about exhaustion of administrative remedies are resolved. Because defendants have the burden to show that plaintiff did not properly complete the exhaustion process, and issues about exhaustion generally are simpler than the merits and require little discovery, counsel often is not needed for that issue.

Although plaintiff says that her claims raise a number of complicated medical and scientific issues, plaintiff does not need medical expertise to litigate issues related to exhaustion. Her initial complaint and motions show that she has an understanding of both the law and court procedure, and she appears to be capable of representing herself at least for the early stages of the case. Plaintiff also states that she has been getting assistance from another inmate who has moved to another institution, but she does not explain what assistance she received or why she can not continue without this particular inmate's assistance. It is important that I see how plaintiff does on her own before I can evaluate her ability to litigate this case.

Accordingly, I am denying plaintiff's motion for assistance in recruiting counsel. If plaintiff is granted leave to proceed on any of her claims and those claims survive any motion by defendants to dismiss her case for failure to exhaust her administrative remedies, or if defendants do not file such a motion before the deadline for doing so, plaintiff is free to renew her motion at that time.

### B. Motion to Use of Release Account Funds

The use of inmate release account funds is governed by state law, which provides that "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." Wis. Admin. Code § DOC 309.466(2). It is up to prison officials to decide how to apply the release-account regulations; this federal court generally cannot tell state officials how to apply state law. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). There is no federal law permitting this court to order prison officials to allow plaintiff to use her release savings account to pay for costs such as postage and copies that he incurs in litigating this case. It is only when a prisoner's general account has insufficient funds to pay an initial partial filing fee payment that the Prisoner Litigation Reform Act permits this court to order an institution to access a prisoner's release account funds to satisfy that payment. E.g., Artis v. Meisner, No. 12-cv-589, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ." (emphasis in original)); Mosby v. Wommack, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account.").

ORDER

IT IS ORDERED that plaintiff Lonnie Jackson's motion for assistance in recruiting counsel, dkt. #5, and motion for use of release account funds, dkt. #12, are DENIED.

Entered this 8th day of September, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge