IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LONNIE JACKSON,

                  ORDER

            Plaintiff,

                  17-cv-350-bbc

       v.

DR. KEVIN KALLAS, JEFF ANDERS,
RYAN HOLMACHER, JAMES GREER,
MARY MUSE, CATHY A. JESS, ROBERT HABLE,
DR. GARY ANKARLO, HUGH JOHNSON,
CINDY O'DONNELL, MARK WIEGERBER,
CPS COREY SABISH and ROBERT HABLE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Lonnie Jackson is a transgender inmate at the Kettle Moraine Correctional

Institution who is proceeding on claims that defendants violated her constitutional rights under

the Eighth Amendment and the equal protection clause by failing to provide her adequate

treatment for gender dysphoria and by denying her requests to be placed in a single cell or in

a cell with other transgender inmates.  At the request of the parties, this court stayed all

proceedings in this case on January 18, 2018, pending the resolution of a similar case before a

different judge in this court, Campbell v. Kallas, 16-cv-261-jdp.  Dkt. #21.  On May 29, 2019,

I extended the stay pending resolution of an interlocutory appeal of a qualified immunity

decision in the Campbell case.  Dkt. #23.  After the Court of Appeals for the Seventh Circuit

ruled on the Campbell appeal on August 19, 2019, this court asked the parties to provide input

on what should happen next.  Although defendants would like the stay to continue until the

Campbell is concluded because that case involves similar issues, plaintiff would like her case to

move forward now that the key legal issues have been resolved by the court of appeals. She also

has renewed her motion for court assistance in recruiting counsel. Dkt. #31. Because I see no

reason to stay this case any longer pending trial on the remaining issues in the Campbell case,

I will lift the stay and consider plaintiff's motion for court assistance in recruiting counsel.

In the September 8, 2017 order denying without prejudice plaintiff's initial request for

court assistance in recruiting counsel, I found that plaintiff was indigent and unable to afford

counsel and that she had made reasonable efforts on her own to find a lawyer to represent her.

Dkt. #15 at 1-2. Accordingly, the only question is whether plaintiff is capable of continuing to

represent herself in this case. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (court

assistance in recruiting counsel is appropriate only when it appears from the record that the legal

and factual difficulty of case exceeds plaintiff's ability to prosecute it).

After reviewing plaintiff's motion, the complaint and some of the filings in the related

Campbell case, I am persuaded that litigation in this case is likely to be too complex for plaintiff

to handle on her own, so I will grant her motion. If I find counsel willing to represent plaintiff,

I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new

schedule. Plaintiff should know that because of the large number of requests for counsel the

court receives, the search for counsel may take several weeks or even months, and there is no

guarantee that the court will ever find counsel willing to represent her.

ORDER

IT IS ORDERED that

1. The stay imposed in this case pending the resolution of Campbell v. Kallas, 16-cv-

261-jdp, is LIFTED.

2.    Plaintiff Lonnie Jackson's renewed motion for court assistance in recruiting counsel, dkt. #31, is GRANTED.  All proceedings in this case will be STAYED pending recruitment of counsel for plaintiff.

Entered this 10th day of October, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge