IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LONNIE JACKSON,

                Plaintiff,

v.

DR. KEVIN KALLAS, JEFF ANDERS,
RYAN HOLMACHER, JAMES GREER,
MARY MUSE, CATHY A. JESS, ROBERT HABLE,
DR. GARY ANKARLO, HUGH JOHNSON,
CINDY O'DONNELL, MARK WIEGERBER,
CPS COREY SABISH and ROBERT HABLE,

                Defendants.

ORDER

17-cv-350-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Lonnie Jackson is a transgender inmate at the Kettle Moraine Correctional Institution who is proceeding on claims that defendants violated her constitutional rights under the Eighth Amendment and the equal protection clause by failing to provide her adequate treatment for gender dysphoria and by denying her requests to be placed in a single cell or in a cell with other transgender inmates. On October 10, 2019, the case was stayed pending the court's recruitment of counsel for plaintiff. The court has now recruited counsel Skye Parr and Catarina Colon of Husch Blackwell LLP, to represent plaintiff pro bono for the remainder of this civil action. The court will enter their appearance as plaintiff's pro bono counsel for the record.

Plaintiff should understand that her counsel took on this representation out of a sense of professional responsibility. Now that plaintiff is represented by counsel, she too has a responsibility. She must not send any future communications to the court, but must work

1

directly and cooperatively with her attorneys, as well as those working at their direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive she voices. On the contrary, plaintiff should expect her counsel to tell her what she needs to hear, rather than what she might prefer to hear, and understand that the rules of professional conduct may bar counsel from taking certain actions or permitting plaintiff from doing so. If plaintiff decides at some point that she does not wish to work with her lawyers, she is free to advise the court of her decision and end their representation, but she should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent her.

The next step is for the court to hold a status conference to reset the calendar in this case. Counsel should consult with plaintiff in advance of the conference.

ORDER

IT IS ORDERED that the clerk's office enter Skye Parr and Catarina Colon of the law firm of Husch Blackwell LLP, as plaintiff's pro bono counsel of record and to set this case for a status conference before Magistrate Judge Stephen Crocker.

Entered this 13th day of November, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge