IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LONNIE JACKSON,

                     Plaintiff,

          v.

DR. KEVIN KALLAS, JEFF ANDERS,
RYAN HOLMACHER, JAMES GREER,
MARY MUSE, CATHY A. JESS, ROBERT HABLE,
GARY ANKARLO, HUGH JOHNSON,
CINDY O'DONNELL, MARK WIEGERBER and
COREY SABISH,

                     Defendants.

OPINION AND ORDER

17-cv-350-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Lonnie Jackson, a transgender inmate at the Waupun Correctional Institution, is proceeding on claims that defendants violated her constitutional rights under the Eighth Amendment and the equal protection clause by refusing to provide her an orchiectomy and sex reassignment surgery. Plaintiff, who is now represented by counsel, has filed a second amended complaint in which she dismisses several defendants, adds new defendants, adds allegations in support of her Eighth Amendment official capacity claims and dismisses her individual capacity and equal protection claims. Dkt. #38. The second amended complaint is now ready for screening under 28 U.S.C. § 1915A.

Having reviewed the second amended complaint, I conclude that plaintiff may proceed on her deliberate indifference claims under the Eighth Amendment against the following defendants in their official capacities for purposes of injunctive relief: original defendants Kevin Kallas, Jeff Anders and Mary Muse and new defendants Marlena Larson,

John Doe, James Zanon, Paul Bekx, Amy Pechacek, Kevin Carr and Larry Fuchs.  Plaintiff's individual capacity claims, equal protection claims will be dismissed, as will defendants Ryan Holmacher, James Greer, Cathy Jess, Robert Hable, Gary Ankarlo, Hugh Johnson, Cindy O'Donnell, Mark Wiegerber and Corey Sabish.

Plaintiff alleges the following facts in her second amended complaint.  (The facts set forth in the order screening plaintiff's first amended complaint are incorporated by reference.  Dkt. #18.)


ALLEGATIONS OF FACT

Plaintiff Lonnie Jackson, also known as Anastacia Sabrina-Loni Jackson, is a transgender male-to-female inmate incarcerated at the Waupun Correctional Institution.  She experiences gender dysphoria and mental distress because of the conflict between her male anatomical features and her female gender identity.   Defendants are all employees of the Wisconsin Department of Corrections:  Kevin Carr is the secretary, Amy Pechacek is the deputy secretary, Kevin Kallas is the mental health director for the Bureau of Health Services, Jeff Anders is the psychiatry director for the bureau, John Doe is the director of the bureau, Paul Bekx is the medical director of the bureau, Mary Muse is the nursing director of health services, James Zanon is the deputy warden of Oshkosh Correctional Institution and Larry Fuchs is the security chief for the department.

The Gender Dysphoria Committee was established under Division of Adult Institutions Policy 500.70.27 to evaluate claims from inmates with gender dysphoria and to determine the necessary method of treatment.   At all times relevant to plaintiff's complaint, all of the

2

defendants except Carr and Pechacek have been members of the committee. Defendant Carr has ultimate authority for the administration of health care for inmates. Defendant Pechacek and the remaining defendants all have the authority to implement state laws regarding the treatment of inmates at Wisconsin correctional facilities, including evaluating prisoner health care issues and denying or granting relief requested by inmates.

Plaintiff received a definitive diagnosis of gender identity disorder from psychological services on December 22, 2009. On December 6, 2011, Dr. Lesley Baird, a psychological associate at Waupun Correctional Institution, evaluated plaintiff and determined that she met the criteria for gender identity disorder. On December 15, Dr. Cynthia Osborne, a gender specialist working for the Department of Corrections, evaluated plaintiff for gender dysphoria and possible hormonal treatment. Dr. Osborne subsequently issued a gender identity consultation report on June 15, 2012, in which she recommended that plaintiff be given hormone treatment, participate in supportive counseling and be considered for "feminizing allowances," such as make-up and being referred to by a feminine name and pronouns. On July 31, 2012, defendant Kallas informed plaintiff that she was approved for hormone treatment.

Plaintiff began hormone therapy on or about December 25, 2012. After December 2012, plaintiff made numerous formal and informal requests for sex reassignment surgery. Her hormone treatment varied over the next few years, and she continued to suffer severe effects of gender identity disorder.

On December 16, 2014, Dr. Osborne evaluated plaintiff to determine whether she was a candidate for surgical treatment. On January 14, 2015, Dr. Osborne recommended sex reassignment surgery for plaintiff and suggested that an orchiectomy would be an alternative to

full sex reassignment surgery because it presented fewer medical risks.  On January 21, plaintiff wrote to the Gender Dysphoria Committee to request the recommended sex reassignment surgery, as well as electrolysis and light make-up.

The Gender Dysphoria Committee denied plaintiff's January 21, 2015 request for surgery, and all of plaintiff's subsequent appeals and requests, based on Division of Adult Institutions Policy 500.70.27, which states that "due to the limitations inherent in being incarcerated, a real-life experience for the purpose of gender reassignment therapy is not possible for inmates who reside within a correctional facility.  However, treatment and accommodations may be provided within the correctional facility to lessen gender dysphoria."  DAI Policy 500.70.27, 3 (2015).  The committee also has denied all inmate requests for sex reassignment surgery on the same ground.  Plaintiff also filed offender complaints in 2015 and 2016 regarding surgery, electrolysis and light make-up, and they were all denied.

OPINION

Plaintiff alleges that defendants failed to provide her sex reassignment surgery and other appropriate treatment for gender dysphoria, including sex reassignment surgery, orchiectomy, light make-up and electrolysis, in violation of her rights under the Eighth Amendment.  She alleges that defendants were fully aware that she faced a serious medical need for sex reassignment surgery because both her treating psychologist and a specialist working for them evaluated her and recommended surgical treatment, but they continue to deny it as a matter of "blanket policy," causing her ongoing anguish and suffering.  Plaintiff is suing the individual defendants in their official capacities for injunctive relief.

4

For the same reasons explained in the order screening plaintiff's first amended complaint, plaintiff's allegations are sufficient to state a claim for deliberate indifference under the Eighth Amendment.  Fields v. Smith, 653 F.3d 550, 554-59 (7th Cir. 2011) (enforcement of statute prohibiting all use of hormone therapy and sex reassignment surgery, regardless of medical need, qualified as deliberate indifference under Eighth Amendment); Rosati v. Igbinoso, 791 F.3d 1037, 1040 (9th Cir. 2015) (citing Fields with approval and finding that allegations that prison officials were aware of transgender inmate's medical history and need for treatment but denied sex reassignment surgery because of blanket policy against such surgery sufficient to state deliberate indifference claim); McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (claim of delayed care may violate Eighth Amendment if it caused inmate's condition to worsen or unnecessarily prolonged her pain); Konitzer v. Frank, 711 F. Supp. 2d 874, 909 (E.D. Wis. 2010) (recognizing that use of modest makeup and facial hair remover, among other things, are part of real-life experience as a female in male institution).  In addition, because plaintiff alleges that defendants have the authority either as Department of Corrections officials or members of the Gender Dysphoria Committee to evaluate the health care needs of transgender inmates, grant or deny relief requested by transgender inmates and implement state laws regarding the treatment of transgender inmates at Wisconsin state correctional facilities, she may proceed against them in their official capacities for purposes of injunctive relief.  Williams v. Wisconsin, 336 F.3d 576, 581 (7th Cir. 2003) ("Official-capacity suits against state officials seeking prospective relief are permitted by § 1983.") (citing Will v. Michigan Dept. of State Police, 491 U.S. 58,

71 n. 10 (1989)).

ORDER

IT IS ORDERED that

1. Plaintiff Lonnie Jackson is GRANTED leave to proceed on her Eighth Amendment claims against defendants Kevin Kallas, Jeff Anders, Mary Muse, Marlena Larson, John Doe, James Zanon, Paul Bekx, Amy Pechacek, Kevin Carr and Larry Fuchs, in their official capacities for purposes of injunctive relief, for their alleged failure to provide her adequate treatment for gender dysphoria.

2. Plaintiff's individual capacity and equal protection claims and defendants Ryan Holmacher, James Greer, Cathy Jess, Robert Hable, Gary Ankarlo, Hugh Johnson, Cindy O'Donnell, Mark Wiegerber and Corey Sabish are DISMISSED.

Entered this 9th day of March, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge